

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

May 18, 2015

**VIA ECF**

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Daskalakis v. Forever 21, Inc.; No. 15-cv-01768 (RRM) (SMG)

Dear Judge Mauskopf:

We represent Plaintiff Alexia Daskalakis and write in opposition to Defendant Forever 21, Inc.'s request for a pre-motion conference regarding a proposed motion to compel arbitration.  By way of brief background, this is a transgender discrimination action in which Ms. Daskalakis alleges she was ridiculed and harassed by multiple managers during the period she was transitioning her gender expression from male to female, and was fired after she complained about discrimination.  Following commencement of this action, Defendant presented an arbitration agreement.  See Ex. A.  However, this arbitration agreement is deficient and unenforceable based on directly on-point precedent by the Second Circuit Court of Appeals.

While the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, embodies a federal policy favoring arbitration, it is well settled that an arbitration agreement can and should be invalidated on the same grounds and principles of contract law.  9 U.S.C. § 2 (arbitration agreements shall be enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract"); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991) (the FAA simply "place[d] arbitration agreements upon the same footing as other contracts").  As a foundational principle of contract law,

> [T]he fundamental basis of a valid and enforceable contract is a meeting of the minds of the parties.  If there is no meeting of the minds on *all essential terms, there is no contract*.  This is because an enforceable contract *requires mutual assent to the essential terms* and conditions thereof.

Schurr v. Austin Galleries of Ill., Inc., 719 F.2d 571, 576 (2d Cir. 1983) (emphasis added); Interocean Shipping Co. v. Nat'l Shipping & Trading Corp., 462 F.2d 673, 676 (2d Cir. 1972) ("Under the general principles of contract law, *there is no contract if the parties fail to agree on all*



The Honorable Roslynn R. Mauskopf
May 18, 2015
Page 2

*the essential terms or if some of the terms are too indefinite to be enforceable*") (emphasis added); V'Soske v. Barwick, 404 F.2d 495, 500 (2d Cir. 1968) ("The law is clear that although the parties may intend to enter into a contract, *if essential terms are omitted from their agreement, or if some of the terms included are too indefinite, no legally enforceable contract will result*") (emphasis added); Allied Sheet Metal Works, Inc. v. Kerby Saunders, Inc., 206 A.D.2d 166, 169 (1st Dep't 1994) ("The party seeking to enforce a contract bears the burden to establish that a binding agreement was made and to prove the terms of the contract").

As a matter of law in the Second Circuit, an arbitration agreement is unenforceable if it does not contain the parties' mutual assent to the essential terms of the arbitral proceeding. See Dreyfuss v. Etelecare Global Solutions-U.S. Inc., 349 Fed. Appx. 551 (2d Cir. 2009) (affirming denial of motion to compel arbitration where an arbitration agreement did not contain essential terms such as the arbitral forum, identity of or method for selecting an arbitrator, arbitration procedures, or choice of law); Opals on Ice Lingerie v. Bodylines Inc., 320 F.3d 362, 369 (2d Cir. 2003) (affirming lower court's determination that an agreement to arbitrate without any agreement on the term of arbitration was unenforceable).  In Dreyfuss, also a dispute in which an employer moved to compel arbitration against an employee based on a mandatory arbitration agreement, the defendant argued that even though the arbitration agreement did not set forth the terms of the arbitration proceedings, it was "of no moment because these are 'non-essential terms.'" Dreyfuss, 349 Fed. App'x at 553.  The Second Circuit bluntly held:  "*But this is not the law.*" Id. (emphasis added).  Similarly, in Opals, a commercial business dispute where the parties agreed to arbitrate but had not agreed on any specific terms of arbitration, the moving party argued that the mere agreement to arbitrate was sufficient.  The Dreyfuss court, in describing the Opals opinion, reminded litigants in the Second Circuit that, "*[w]e flatly rejected this argument*."  Id. at 554 (emphasis added).

Here, it cannot be disputed that the arbitration agreement between the parties does not contain any of the essential terms relevant to the conduct of the proposed arbitration.  The arbitration agreement does not contain any agreement whatsoever as to, *inter alia*, the arbitral forum, the identity of or method for selecting an arbitrator, the arbitration procedures or the choice of law.  To be clear, while there is an isolated and opaque reference to a separate agreement to arbitrate using the American Arbitration Association ("AAA") rules (and if that agreement were to be found unenforceable, to use the rules of the California Arbitration Act), Defendant has confirmed both that Ms. Daskalakis never signed any separate agreement and, even more importantly, that that provision only applies to California employees (which Ms. Daskalakis never was) in the first place.  See Ex. B (also stating that Defendant simply "proposed" using AAA to administer the dispute, but not that it was required or agreed to in the arbitration agreement).  As such, as a matter of law, there has been no "meeting of the minds" on the "essential terms" of an arbitration agreement, and therefore, there is no enforceable contract.



The Honorable Roslynn R. Mauskopf
May 18, 2015
Page 3

Under the undisputed facts and the prevailing law, Defendant's anticipated motion to compel arbitration would be futile and constitute a waste of the time and resources of the parties and the Court. Therefore, we respectfully request that Defendant's request for a pre-motion conference be denied.

Respectfully submitted,

David E. Gottlieb

Enc.